**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DEVIN JOSEPH PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:26-cv-00720** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **CHAD YOUKER,** ***Captain, et al.*****,** | ) | **Magistrate Judge Holmes** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Devin Joseph Phillips, while a pre-trial detainee in the custody of the Williamson County Jail in Franklin, Tennessee, filed a pro se Complaint under 42 U.S.C. § 1983, concerning the jail policy limiting inmate attendance at religious services. (Doc. No. 1).

Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 5). A few months later, Plaintiff filed a second IFP Application (Doc. No. 6) for non-prisoner plaintiffs as well as a Notice of Change of Address (Doc. No. 7). Plaintiff has now been released from custody.

## I. FILING FEE

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue

hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

According to Plaintiff's second IFP Application, his monthly expenses total $5491, he has no income, and no job. (Doc. No. 6). Plaintiff was recently released from jail. Because his IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 6) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The earlier-filed IFP Application (Doc. No. 5) is **DENIED AS MOOT**.

## II. PRISON LITIGATION REFORM ACT SCREENING

The Complaint (Doc. No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

That Plaintiff has been released from jail since filing his Complaint does not alter the court's obligation to screen the complaint pursuant to the PLRA. It is the Plaintiff's status at the time of filing that triggers the court's duty to screen the complaint. *See Burley v. Weller*, No. 1:22-cv-628, 2023 WL 21435, at *1 n.1 (W.D. Mich. Jan. 3, 2023) (citing *Olivas v. Nevada ex rel. Dep't of Corr.,* 856 F.3d 1281, 1282 (9th Cir. 2017) ("Because Plaintiff was incarcerated when he initiated this action, the action is subject to preliminary review pursuant in 28 U.S.C. § 1915A."); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012) ("Prisoner status under the PLRA [Prison Litigation Reform Act] turns on whether the plaintiff was confined when the suit was filed. And in any event, when a district court has authorized a plaintiff to proceed in forma pauperis—as happened in this litigation—the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2).")).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

The Complaint alleges claims under 42 U.S.C. § 1983 against Williamson County Captain Chad Youker, Lieutenant f/n/u Driskill, and Ashley Linquist. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009)

(quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983. Plaintiff's Section 1983 claims are premised on the violation of his First Amendment rights.

"The Free Exercise Clause of the First Amendment . . . provides that 'Congress shall make no law . . . prohibiting the free exercise [of religion].'" *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting U.S. Const. amend. I). "In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'" *Id*. (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). Where a plaintiff makes this threshold showing, the Court must consider whether a regulation that "impinges on inmates' constitutional rights . . . is reasonably related to legitimate penological interests." *Id*. (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). If not, "the inquiry ends, and the prisoner prevails." *Cavin v. Mich. Dep't of Corr*., 927 F.3d 455, 461 (6th Cir. 2019) (citations omitted). If so, then the court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner would affect 'guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

Here, Plaintiff alleges facts from which the court may infer that he has a sincerely held belief. (*See* Doc. No. 1 at 5). Plaintiff alleges that "Jesus is [his] savior and rock." (*Id*.) He states that he "want[s] to go to any and all church services, AA & Celebrate Recovery, Men of Valor Bible Study Session, anything related to [his] God in Heaven. He reigns forever amen!" (*Id*.). He further states that he "miss[es] fellowship with other Christians who get to praise [their] Lord and [he] want[s] to join them in that praise." (*Id*.)

The Complaint alleges that existence of a policy at the Williamson County Jail (enacted and/or enforced by Defendants Youker, Driskill, and Linquist) restricting the religious services inmates are permitted to attend. Pursuant to the policy, inmates are allowed to sign up to attend a particular service based on their denominational affiliation. Plaintiff alleges that he wishes to attend all Christian services, regardless of denomination, and does not object to signing up ahead of time. However, the Complaint alleges that Defendants "limit the lists [Plaintiff's] name can go onto." (*Id.*)

A reasonable factfinder could conclude the challenged jail policy impinges on inmates' constitutional rights. *See, e.g., Thaxton v. Strode*, No. 1:07-CV-P33-R, 2007 WL 1662328, at *3 (W.D. Ky. June 3, 2007) (allowing prisoner-plaintiff's First Amendment claim to go forward at PLRA screening where jail staff refused to allow plaintiff to attend a Muslim service where plaintiff identified himself as Jewish when he entered the jail and alleged that he wished to attend "all religious services to study God's word and to pray"). It may be relevant that Plaintiff's restricted access to all Christian services did not preclude him from worshipping with other inmates but limited the number of times he could do it each week. However, because Defendants have not filed any responsive pleadings, the court "do[es] not have information before [it] about all of" the factors relevant to evaluating a Free Exercise claim. *See Arauz v. Bell*, 307 F. App'x 923, 928 (6th Cir. 2009). The allegations presently before the court permit Plaintiff's Section 1983 claims to proceed for further development of the record at this early stage of the litigation.

Because Plaintiff alleges facts from which the court may infer that these alleged violations were a result of official policies, his claim may proceed against Defendants in their official capacities, which are functionally claims against Williamson County itself. *See Alkire v. Irving*,

330 F.3d 802, 810 (6th Cir. 2003). Plaintiff's Section 1983 claims also will proceed against all Defendants in their individual capacities.

## III. CONCLUSION

Having screened the Complaint pursuant to the PLRA, the court finds that it states viable Section 1983 claims under the First Amendment. These claims shall proceed against all Defendants in their official and individual capacities.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for all Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of entry of this Memorandum Opinion and Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summonses to the U.S. Marshals Service for service on all Defendants. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge